William CAPACCHIONE, Individually and on Behalf of Cristina Capacchione, a Minor, Plaintiff,

v.

CHARLOTTE–MECKLENBURG SCHOOLS, et al., Defendants.

James E. Swann et al., Plaintiffs,

v.

Charlotte–Mecklenburg Board of Education et al., Defendants.

Michael P. Grant et al., Plaintiff–Intervenors,

v.

Charlotte–Mecklenburg Board of Education et al., Defendants.

Nos. 3:97–CV–482–P, 3:65–CV–1974–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 23, 1998.

John O. Pollard, Kevin V. Parsons, McGuire, Woods, Battle & Boothe, L.L.P., Charlotte, NC, William S. Helfand, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, P.L.L.C., Houston, TX, Lee Meyers, Meyers & Hulse, Charlotte, NC, for William Capacchione, Individually and on behalf of Cristina Capacchione, a minor.

James E. Ferguson, Luke Largess, Ferguson, Stein, Wallas, Gresham & Sumter, P.A., Charlotte, NC, Adam Stein, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, Chapel Hill, NC, Elaine Jones, Norman J. Chachkin, Gloria J. Browne, NAACP Legal Defense & Educational Fund, Inc., New York City, for Swann Plaintiffs.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, LLP, Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Rose Marie L. Audette, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte–Mecklenburg Board of Education, Charlotte, NC, for defendants.

A. Lee Parks, K. Lee Adams, Kirwan, Parks, Chesin & Miller, P.C., Atlanta, GA, Thomas J. Ashcraft, Charlotte, NC, for intervenor-plaintiffs.

## ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on various discovery-related motions filed by all parties. On 19 October 1998, Defendant Charlotte–Mecklenburg Board of Education et al. (the "School Board") filed a Motion to Compel Responses from Plaintiff Capacchione to Document Requests and Interrogatories [document no. 84]. On 29 October 1998, Plaintiff–Intervenors Michael P. Grant et al. (the "Grant Intervenors") filed a Motion to Compel [document no. 87–1] and for Sanctions [document no. 87–2]. On 9 November 1998, Plaintiff William Capacchione ("Capacchione") moved to strike the School Board's Motion to Compel [document no. 89]. That same day, the Court ordered that a status conference be held on 20 November 1998 to resolve these and any other remaining discovery disputes [document no. 91]. Subsequently, Plaintiffs James E. Swann et al. (the "Swann Plaintiffs") filed a Motion to Amend Discovery Order on 10 November 1998 [document no. 93].

### I. The School Board's Motion to Compel

The School Board filed their Motion to Compel on grounds that Capacchione had not responded fully and completely to interrogatories and document requests. Capacchione countered that the School Board's Motion to Compel was filed without satisfying the meet and confer requirement and therefore moved to strike the motion. While the School Board's attempts to meet and confer were not a model of good faith, the Court will deny Capacchione's Motion to Strike and will examine the School Board's Motion to Compel.

After the School Board's Motion to Compel was filed, Capacchione provided supplemental responses to the interrogatories and document requests. Still, the Motion to Compel remained on calendar because the School Board claimed that two interrogatories (Interrogatories 10 and 12) were still at issue. Those two interrogatories asked Capacchione to identify whether he contends that certain disparities exist in the racial composition of students and faculty (Interrogatory 10) and in educational achievement (Interrogatory 12). The interrogatories also requested the

factual basis for the position taken. Capacchione responded that he did not know if any such disparities exist, but, if they do, they are not due to the School Board's actions. The School Board argued that Capacchione's answers were inadequate.

Currently, Capacchione is simply unable to supplement his responses any more than he has. He volunteered all information in his possession. To that extent, the School Board's Motion to Compel is denied. Capacchione, however, shall supplement his responses once he has received, reviewed, and digested the pertinent information he requested from the School Board.

## II. The Grant Intervenors' Motion to Compel and for Sanctions

The Grant Intervenors asked the Court to compel the School Board to identify the school system employees with specialized factual knowledge of the history of school facilities as it relates to the process and progress of desegregation activity over the past thirty years. The Grant Intervenors would like to depose up to three of these employees. The School Board argues that the Grant Intervenors have reached their deposition limit and otherwise did not give proper formal notice for these depositions because the notice was not "particular" enough.

The Court finds that it was reasonable for the Grant Intervenors to request that the School Board identify these school personnel and make them available for deposition. As to the School Board's complaint that the request exceeded the deposition limit—thereby requiring a motion for leave to depose additional fact witnesses—and that a more "particular" notice was required, the Court finds that these technicalities should not prevent, at this late stage, the depositions of useful and important witnesses. Accordingly, the Court orders the School Board to identify, by 30 November 1998, the past or present school district employees with specialized factual knowledge of school siting decisions and student assignment boundaries over the past thirty years. The School Board shall make tip to three of these individuals available for deposition some time between 15 December 1998 and 15 January 1998. By 24 November 1998, the Grant In-

tervenors shall provide to the School Board the specific dates on which these three depositions will take place.

The Grant Intervenors also move to compel the production of all electronic databases or other forms of computerized media containing racial statistics on student enrollment and faculty employment over the past thirty years. The School Board asserts that all requested information has been released already. The apparent problem is that the Grant Intervenors were not given this information in reasonably usable form. In order for the database information to be meaningful and useful for the preparation of expert witness reports, the Grant Intervenors must be able to research, compile, and manipulate the database with the same ease and efficiency as the School Board. That means that the Grant Intervenors' experts must be provided the same technical assistance that the School Board has available. The School Board's suggestion that the Grant Intervenors may submit any technical questions in writing causes unnecessary obstruction and delay.

The Grant Intervenors inform the Court that their expert, Dr. David J. Armor, will be in Charlotte on 23–24 November 1998. The Court orders the School Board to make available the appropriate technical advisors to assist Dr. Armor in researching the electronic databases. If Dr. Armor is not able to complete this research by 24 November 1998, the School Board shall provide any necessary, follow-up technical assistance.

With regard to the Grant Intervenors' Motion for Sanctions, the Court will take up that matter at a later date, and, for now, that motion is denied.

## III. The Swann Plaintiffs' Motion to Amend Discovery Order

After the Court ordered the 20 November 1998 status conference, the Swann Plaintiffs filed a motion to extend the discovery deadlines and the trial date. While the Court is wary of allowing further delay in this case, some modification of the deadlines appears warranted. The Court will impose the following deadlines, with certain exceptions noted below:

Fact Discovery 1 December 1998
Expert Witness Reports 30 December 1998
Expert Witness Depositions 15 February 1999
Disclosure of Rebuttal Experts and Reports 5 March 1999
Rebuttal Expert Depositions 24 March 1999

The trial date is also changed to 19 April 1999.

The Court will impose an exception to the expert witness report deadline for the School Board only, whose expert report will remain due on 1 December 1998. Under the Court's 7 October 1998 Order, the Court, finding a lack of cooperation by the School Board in releasing available information, ordered the School Board to supplement its responses to certain contention interrogatories either by or before 1 December 1998, which was then the deadline for expert witness reports. The rationale for tying these two deadlines together was that the expert reports would contain the supplemental information for the contention interrogatories. The Grant Intervenors and Capacchione assert that, under the modified discovery schedule, the School Board should not be awarded an extra month to file their expert report given the fact that they already have the statistical information needed to prepare their report and because the School Board was reprimanded earlier for withholding this information.

While the Court will keep in place the 1 December 1998 deadline for the School Board's expert witness report, fairness dictates that no other party shall have access to this report until all parties' reports are due. Therefore, the School Board's expert report shall be filed with the Court "Under Seal" by 1 December 1998 and shall be released only when all other parties have submitted their expert reports, on or before 30 December 1998.

One other change will apply with respect to the scheduling of some remaining fact witness depositions. In the 7 October 1998 Order, the Court ordered that the School Board members be available for follow-up depositions after 1 December 1998 and advised that these depositions be completed by 15 December 1998. Under the new schedule, such depositions shall occur between 15 December 1998 and 15 January 1999.

**NOW, THEREFORE, IT IS ORDERED** that the School Board's Motion to Compel [document no. 84] be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that the Grant Intervenors' Motion to Compel [document no. 87–1] be, and hereby is, **GRANTED** in the manner set forth above.

**IT IS FURTHER ORDERED** that the Grant Intervenors' Motion for Sanctions [document no. 87–2] be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that the Grant Intervenors' Motion to Strike [document no. 89] be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that the Swann Plaintiffs' Motion to Amend Discovery Order [document no. 93] be, and hereby is, **GRANTED** in the manner set forth above.